## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CIVIL ACTION NO.:  12-1774** |
| | ) | |
| **VERSUS** | ) | |
| | ) | **JUDGE** |
| **$241,440.00 IN U.S. CURRENCY** | ) | |
| | ) | **MAGISTRATE JUDGE** |

_____

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*
_____

**COMES NOW, THE UNITED STATES OF AMERICA**, by and through the United

States Attorney for the Western District of Louisiana in a civil case of forfeiture in rem and

respectfully avers as follows:

### I.

This court has jurisdiction pursuant to 28 U.S.C. §§1345 and 1355.

### II.

Venue is proper within this judicial district pursuant to 28 U.S.C. §1395.

### III.

The plaintiff is the United States of America.

### IV.

The defendant is $241,440.00 in U.S. Currency.

### V.

On February 16, 2012, Louisiana State Police (hereinafter referred to as "LSP") pulled

over a vehicle for traffic violations.  The driver of the vehicle was KELMAN HERNANDEZ

CORTORREAL (hereinafter referred to as "CORTORREAL") and the two passengers were

identified as CESAR MALDONADO (hereinafter referred to as "MALDONADO") and

RAMON REYES (hereinafter referred to as "REYES").

VI.

During the stop, LSP received conflicting statements from REYES and MALDONADO

regarding their travels from Pennsylvania to Houston, Texas.  LSP also observed REYES to be

acting in a nervous manner.  LSP became suspicious when he learned that the owner of the

vehicle was not present during the cross country trip.  Due to the totality of the circumstances,

LSP requested consent to search the vehicle, which was granted by MALDONADO.

VII.

At the scene, LSP K-9 "Rico" was utilized to conduct an open air sniff around the

vehicle, which resulted in a positive odor response.

VIII.

In connection with the search of the vehicle, $197,900.00 of U.S. Currency was found

secreted in the air intake compartment under the vehicle's hood.  The U.S. currency was

concealed in three white cloth socks.  One of the socks had a piece of plastic attached to it in

order for it to be removed from the air intake compartment.  A further search of the vehicle

revealed an additional $3,440.00, which was concealed in a suitcase in the trunk compartment.

LSP seized the currency pursuant to Louisiana statutes concerning money laundering violations

and because of the fact a narcotics canine alerted to the currency.

IX.

Subsequent investigations conducted by LSP and the IRS developed evidence that the

source of the currency was a scheme involving REYES, MALDONADO, and CORTORREAL

in which they cashed fraudulent federal tax refund checks.

X.

Evidence shows that it was part of a scheme that tax refund checks in the name of someone other than REYES, MALDONADO, OR CORTORREAL would be sent to MALDONADO's residence at 1349 W. Chew Street, Allentown, PA.   Thereafter, MALDONADO delivered the checks to Reyes' Deli in Pennsylvania in exchange for $500. Additional addresses besides MALDONADO's residence on West Chew Street in Allentown, PA were used to receive the false tax refund checks.

XI.

MALDONADO, REYES and CORTORREAL took all the checks REYES had collected to Houston, TX to be cashed.   The checks were transported in compact disc ("CD") cases.

XII.

When they arrived in Houston, they met an unidentified Colombian male at a local hotel. The agreement with the Colombian was for REYES to pay the Colombian 50% of the total face value of the checks as a check cashing fee.  The Colombian took the checks and left for approximately three hours.  He returned to the hotel with the currency stuffed in tube socks.

XIII.

There was one check, payable to "JGM," the Colombian could not/would not convert, so MALDONADO, REYES and CORTORREAL retained possession of that check. MALDONADO, REYES and CORTORREAL took that check from Houston, Texas to where they were stopped in Shreveport/Bossier, Louisiana.

XIV.

LSP's investigation subsequent to the initial roadside search developed evidence that additional checks and/or cash may still be hidden within the vehicle.  LSP obtained a search

warrant for the vehicle and located the check payable to JGM hidden in a CD case.  LSP located

another $40,100 in currency in the headliner of the vehicle.

XV.

Special Agent ("SA") Darrin Heusel of the Internal Revenue Service, Criminal

Investigation ("IRS-CI") followed up on the treasury check made payable to JGM and the

address of Chew Street in Allentown, PA.  Based on the review of Information Data Retrieval

System ("IDRS"), the internal database of IRS, the seized check was confirmed to be a paper

refund check mailed to the filer address.  A copy of the seized check was sent to the Southeast

Scheme Development Center (SDC) in Memphis, TN.  The SDC determined the check was not

counterfeit and was issued based on an electronically filed tax return that was filed with IRS.

XVI.

The electronically submitted tax return for the seized check included a Form W-2 that

appears to be false because the information reported on the Form W-2 has not been reported to

the IRS by the employer listed on the Form W-2.

XVII.

The name listed as the preparer of the tax return was "LG."  LG has been identified by

IRS-CI in the New York Field Office in connection with an investigation into a false tax refund

scheme in New York.   The investigation discovered LG is an individual in Puerto Rico that had

his identity stolen.  An interview of LG by agents in Puerto Rico determined that he has a third

grade education and does not have the education or expertise to prepare income tax returns and

was not responsible for the false refund scheme.  The IRS investigation has developed evidence

that the subjects used LG's information to create a business and prepare false income tax returns

in the New York and Pennsylvania area using other stolen identities.  The refund checks from the

false tax returns were paper checks and mailed to various addresses in the New York/Pennsylvania area.

XVIII.

The SDC identified 225 tax returns filed with the same characteristics and/or addresses. Multiple false tax refunds generated from the false tax returns were sent to West Chew Street in Allentown, PA.  The SDC verified a refund was issued to MALDONADO'S address, 1349 W. Chew Street, Allentown, PA, in the name of "AR".  Although additional false tax refund checks are believed to have been sent to other addresses in Allentown, PA, false tax refund checks are known to have been sent to the following addresses:

| 1239 W. Chew St, Allentown, PA | 5 false refunds |
| 1249 W. Chew St., Allentown, PA | 5 false refunds |
| 1251 W. Chew St., Allentown, PA | 10 false refunds |
| 1315 W. Chew St., Allentown, PA | 5 false refunds |
| 1528 W. Chew St., Allentown, PA | 4 false refunds |

Additional research determined the names and SSN's used to file the false returns belong to individuals that appear to live in Puerto Rico and there is no evidence to indicate any of them ever lived in Pennsylvania or New York.

XIX.

Database research revealed 1251 W. Chew Street, Allentown, PA is the address of R&R BUSINESS, LLC d.b.a. REYES DELI GROCERY.  There were 10 false returns with the address of REYES DELI GROCERY.  According to Pennsylvania Department of State, R&R BUSINESS, LLC was created on June 9, 2011 and is associated with REYES.

XX.

The SDC selected several of the 225 returns for verification of wages and withholdings. The verification process consists of the SDC sending letters by fax or place a phone call to the listed employers on the W-2's to verify the wages and withholdings.  Several of these returns were found to contain false wages and withholdings.

XXI.

On May 2, 2012, the Honorable Mark L. Hornsby issued a seizure warrant pursuant to 18 U.S.C. § 981, for the defendant property $241,440.00 in U.S. Currency.

XXII.

By reason of the foregoing, the defendant property, $241,440.00 in U.S. Currency, have become forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), § 981(a)(1)(C), § 1956, and § 1957, and § 1341.

XXIII.

As noted, the attached Verification, which is incorporated herein by reference, SA Heusel, the lead federal agent in this matter, has verified the accuracy of all factual representations contained herein.

**WHEREFORE**, Plaintiff, the United States of America, prays:

(1) That due process issue to enforce the forfeiture and give notice to the interested parties to appear and show cause why forfeiture should not be decreed;

(2) That the defendant property, $241,440.00 in U.S. Currency funds, be condemned and forfeited to the United States of America to be disposed of according to law;

(3) That this Court grant the government reimbursement of its costs and expenses, including

advertising and/or publication costs incurred in this matter;

(4) That this Court grants such other and further relief as it may deem just and proper.

Respectfully submitted,

STEPHANIE A. FINLEY
UNITED STATES ATTORNEY

BY:    /s/ Ramsay C. McCullough
       RAMSAY C. MCCULLOUGH
       No. 802717
       Assistant United States Attorney
       United States Courthouse
       300 Fannin Street, Suite 3201
       Shreveport, LA  71101-3068
       (318) 676-3614 // Fax: (318) 676-3642
       Ramsay.McCullough@usdoj.gov